**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PEDRO CERUTTI, JR.,**

            **Plaintiff,**

**-vs-**                                                             **Case No. 6:12-cv-340-Orl-28KRS**

**ORANGE COUNTY CORRECTIONS
DEPARTMENT,**

            **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **March 5, 2012** |

| | |
|---|---|
| **MOTION:** | **MOTION FOR RELIEF OF ATTORNEY (Doc. No. 3)** |
| **FILED:** | **March 5, 2012** |

Plaintiff Pedro Cerutti, Jr. filed a complaint against the Orange County Correction Dpt that reads in its entirety as follows:

> I want to press charges on Orange County Correction officers for false
> Accusations, Sexuall herrasment Destruction of my property, Extortion.
> I want justice Because Im the Victim.

Doc. No. 1 at 2. Cerutti seeks to proceed without prepayment of fees or costs. He also asks that the Court appoint an attorney to represent him.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Cerutti has not alleged sufficient facts for the Court to determine whether this Court can exercise jurisdiction in this case. He has not cited the federal constitutional provision, statute or treaty he alleges was violated, and he has not alleged a basis for this Court to exercise diversity jurisdiction. He has not named the Orange County Correction Officers who he wishes to "press charges on," and he has not alleged a basis on which the Orange County Department of Corrections could be found to be liable.

Cerutti asks that the Court appoint an attorney to represent him. A civil litigant has not absolute right to appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "a privilege that is justified only by exceptional circumstances, such as where the facts and

legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* Because Cerutti has not alleged any facts, there is no basis for appointment of counsel in this case.

Accordingly, I **recommend** that the Court **DISMISS** the case, **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, and **DENY** the motion for appointment of counsel, Doc. No. 3. Ordinarily, a *pro se* plaintiff should be permitted to file an amended complaint. However, Cerutti has previously filed a case against the Orange County Corrections Department, alleging the same violations alleged here, which case was dismissed. *See* Case No. 11-cv-2023-Orl-28KRS, Doc. Nos. 10, 11, 12. Accordingly, I **recommend** that Cerutti not be given leave to file an amended complaint in this case. Finally, I **recommend** that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy